JOHNSON LOCKE MERCANTILE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21317, 32226. Promulgated April 10, 1929.

*George E. H. Goodner, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: By the agreement of January 3, 1921, petitioner admits a liability to its creditors in the principal sum of $924,350.36, on which it agrees to pay interest. It is provided in the contract that all sums thereafter paid shall be regarded as interest until such time as there has been paid to the creditors a sum which, when added to the amounts theretofore paid, shall equal 45 per cent of the principal sum due, at which time petitioner is to be discharged from all liability to its creditors. This agreement, according to its terms, must be performed within three years from its date and time is of the essence of the contract.

We have not been advised of the sums paid to the creditors between March 27, 1915, and January 3, 1921, nor the amounts thereafter paid, which would be sufficient to make up the 45 per cent. All that we know is that by June 15, 1922, sufficient had been paid to release petitioner from further liability for principal and interest.

If petitioner were on the cash basis it would be entitled to deduct, in computing its net income, the sums actually paid as interest during the years in which paid, and if it performed under the contract these amounts would be limited to a total of not to exceed 45 per cent of the principal sum due. As its books were kept on the accrual system, it may deduct the interest as it accrues, regardless of when payment is made, but may it deduct an amount greater than its total liability? We do not believe that the accrual system contemplates or that the law permits such a deduction. Nor do we think the fact that the contract must be performed within three years to entitle petitioner to its discharge in the manner set forth should change our conclusions. During 1921 and 1922 it was operating under that contract with its liability limited to an amount not in excess of 45 per cent of the principal sum, and in fact it did fully perform its part of the contract within one and one-half years.

The petitioner having refrained from giving us the amounts actually paid by it to its creditors either before or subsequent to January 3, 1921, we have no means of determining the extent of its liability during the years in question and consequently the amount, if any, that it would be entitled to accrue in the respective years 1921 and 1922. The determination of the respondent in this particular will therefore not be disturbed.

Inasmuch as our decision of the first issue will result in net income for the year 1921 instead of a net loss, it follows that the petitioner has no grounds for claiming as a deduction from net income for 1922 a net loss for the prior year.

The respondent is not contesting the reasonableness of the additional compensation paid by the petitioner to its employees in 1924. The sum was actually paid in the taxable year as additional compensation for services rendered and is deductible from gross income as an ordinary and necessary business expense.

> *For the years 1921 and 1922 judgment will be entered for the respondent. For the year 1924 judgment will be entered under Rule 50.*